## WILL et v WILL

Ohio Appeals, 6th Dist, Erie County

No 292. Decided April 22, 1929

John A Nieding, Cleveland, for plaintiffs in error.

Henry Hart, Sandusky, and H R Williams, Vermilion, for defendant in error.

WILLIAMS, J.

The sole question involved is whether Henry Will took the property by devise or by purchase. If he took it by devise it was ancestral property. If he took it by purchase it was non-ancestral property.

By the terms of 8575 GC and 8574 GC, in force at the time of the decease of Henry Will, the widow took a life estate in ancestral property and an estate in fee simple in non-ancestral property. We think the principle announced in **Haus vs. Vorndren, Admr., 116 Ohio St., 327,** is not applicable. In that case the testator made a will by which he provided that his son should have the privilege of buying his farm upon certain terms and conditions and when he acquired title thereto by complying with such terms, it was held that the title was acquired by purchase. In the instant case the testator devised to Henry Will certain property, stipulating that he should pay certain legacies which would be a lien thereon, and under the terms of such will the devisee, by acceptance, would acquire the property by devise, and paying off the legacies which were a lien upon the prop-

erty would not change the character of his title.

**Case vs. Hall, Admrx., 52 Oh. St., 24.**

The facts alleged in the separate cross petitions of the defendants Charles Will, John Will and Alice Schaatz were sufficient to constitute a cause of action against the plaintiff. The court committed prejudicial error in overruling the demurrer to such cross petitions. The facts alleged in the petition as well as in the cross petitions show that each of the three cross-petitioners is the owner of an undivided one-third of the premises in question, subject to the life estate of the plaintiff, Anna C. Will. It follows that the petition itself does not state a cause of action.

For the reasons given the judgment of the court below will be reversed and the cause remanded with directions to overrule the demurrer of the plaintiff and for further proceedings not inconsistent with this opinion.

Lloyd and Richards, JJ, concur.